FILED
CLERK, U.S. DISTRICT COURT

DEC 15 2014

CENTRAL DISTRICT OF CALIFORNIA
BY        kss            DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>AURA CASTILLO, an individual and DOES 1 through 10, inclusive,<br><br>            Defendants. | No. CV 14-9445 JFW (FFMx)<br><br>ORDER SUMMARILY REMANDING ACTION TO STATE COURT AND PROHIBITING DEFENDANT FROM FILING ANY FURTHER NOTICE OF REMOVAL OF LOS ANGELES SUPERIOR COURT CASE NO. 14P04866 |

The Court will remand this action to state court summarily because Defendant removed it improperly.

On December 9, 2014, Defendant Aura Echeverria, having been sued in what appears to be a routine unlawful detainer action in California state court (Los Angeles Superior Court Case No. 14P04866), filed a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. Defendant has previously removed this same unlawful detainer proceeding on a prior occasion. On the prior occasion, this Court remanded the action noting that federal jurisdiction does not exist. (*See Federal Home Loan Mortgage Corporation v. Aura Castillo, et al.,* Case No. CV 14-7297 UA (DUTYx).)

The Court has denied the *in forma pauperis* application under separate cover because the action, again, was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to

1    state court. Moreover, to prevent Defendant from further abusing the federal court to

2    obstruct his state proceedings without any basis, the Court issues this order prohibiting

3    him from filing any further notice of removal with respect to this unlawful detainer

4    action.

5       Simply stated, as the Court has previously determined, Plaintiff could not have

6    brought this action in federal court in the first place, in that Defendant does not

7    competently allege facts supplying either diversity or federal-question jurisdiction, and

8    therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah*

9    *Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if

10   complete diversity of citizenship existed, the amount in controversy does not exceed the

11   diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the

12   contrary, the unlawful-detainer complaint recites that the amount in controversy does not

13   exceed $10,000.

14       Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See*

15   28 U.S.C. §§ 1331, 1441(b).

16       Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

17   Superior Court for the State of California, Pasadena Superior Court, 300 East Walnut

18   Street, Pasadena, California 91101 for lack of subject matter jurisdiction pursuant to 28

19   U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court;

20   and (3) that the Clerk serve copies of this Order on the parties.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    IT IS FURTHER ORDERED that Aura Echeverria is prohibited from filing any

2  further Notice of Removals of this case from state court without an Order of the Court or

3  of the Chief Judge of the Central District of California allowing him to do so.

4    IT IS SO ORDERED.

5

6  DATED: December 15, 2014

7

8                                          JOHN F. WALTER
                                           United States District Judge
9

10

11  Presented by:

12

13  /S/ FREDERICK F. MUMM
       FREDERICK F. MUMM
14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28